## Kohn v. Blumenfield

*Harry Weinberg,* for plaintiffs.
*A. Jay Molluso,* for defendant.

BULLOCK, J., October 24, 1973.—Plaintiffs have filed an action in assumpsit in two counts seeking the sums of $888 and $592, respectively. The action is based upon their tenancy at 7901 Henry Avenue, Philadelphia, Pa., owned or controlled by defendant.

The court finds the following facts:

Plaintiffs, some time in 1969, entered into a lease for an apartment at 7901 Henry Avenue, owned or controlled by defendant for which the rental was $296 per month and which lease expired January 31, 1972. Some time early in 1971, plaintiff, Max M. Kohn, advised defendant that he intended to move because of lack of security on the premises. Plaintiffs were advised by defendant organization that they would not be permitted to move their possessions unless and until either $1,000 or the balance due on the lease was paid.

On or about October 12, 1971, plaintiff, Max M. Kohn, paid to an agent of defendant the sum of $888, representing the balance of the rent on the lease and covering the months November and December 1971 and January 1972. Although defendant's agent indicated that efforts would be made to rent the premises, this was a gratuitous offer by defendant and was not a condition of payment. Defendant did not demand the keys to the premises nor did plaintiffs offer them. Shortly after October 12, 1971, plaintiffs removed all of their furniture and virtually all of their other possessions from the premises. Some time in December 1971, having been advised by defendant that plaintiffs were indebted to him for damages to the premises, plaintiff, Max M. Kohn, visited the premises where he found property belonging to someone else both inside the premises and on the patio. Some time in January 1972, defendant's manager moved into the premises.

As a result of defendant's claim of damages with respect to the premises, action was instituted before the Fair Housing Commission of the City of Philadelphia which held that plaintiffs were not liable for damages to the premises and directed defendant to return to plaintiffs their deposit of $296. Defendant appealed this order to the court of common pleas which affirmed

the order of the Fair Housing Commission. Thereafter, on an unknown date, the deposit was returned to plaintiffs.

Plaintiffs' first count is for return of the rent paid for November and December 1971 and January 1972. By virtue of their payment of rent for the months of November and December 1971 and January 1972, plaintiffs were entitled to the possession of the premises for that period without interference by defendant. Defendant violated plaintiffs' right of possession with respect to the months of December 1971 and January 1972 and thereby forfeited his right to rent for these months. There is no evidence, however, that any such violation occurred with respect to November 1971; therefore, plaintiffs are not entitled to a return of their rent for that month.

Plaintiffs' second count is based on the Act of April 6, 1951, P. L. 69, as amended, 68 PS §250.512. This act provides that where a landlord improperly holds escrow funds beyond 30 days after termination of a lease, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow exceeds the actual damages to the premises. In this case, both the Fair Housing Commission and the City of Philadelphia Court of Common Pleas held that plaintiffs were not liable to defendant in any sum for damages to the premises. The matter of such damages is, therefore, res judicata in these proceedings. Since the escrow deposit was not paid within the time prescribed by statute, defendant became liable to plaintiffs for the sum of $592. Defendant's obligation is not altered by the proceedings before the Fair Housing Commission and the court of common pleas. The Act of April 6, 1951 was adopted to curtail a widespread abuse in connection with the rental of property and the intent of the law would be thwarted if the application of the act to be avoided

merely by the landlord's charging a tenant with damages to the property without, in fact, being able to substantiate such damages. Plaintiffs in this case, however, are seeking in essence treble damages, since the original escrow deposit has been returned. Under these circumstances, defendant is entitled to credit for the return of the original escrow and is, therefore, liable for only $296 in addition. Plaintiffs are entitled to interest on $296 from December 1, 1971, on $296 from January 1, 1972, and on $296 from March 1, 1972.

## JUDGMENT

And now, October 24, 1973, judgment is entered on behalf of plaintiffs, Max M. Kohn and Blanche Kohn, against defendant Jack W. Blumenfield, individually, and trading as Jack W. Blumenfield and Company, doing business as 7901 Henry Avenue, in the sum of $984.20.